Johnnie **VARNEY, Petitioner-Appellant,**

v.

The **STATE OF GEORGIA, Respondent-Appellee.**

No. 71–1574

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1971.

Arthur P. Tranakos, Atlanta, Ga., for petitioner-appellant.

George A. Horkan, Jr., Dist. Atty., Moultrie, Ga., Robert L. Cork, Asst. Dist. Atty., Valdosta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant Varney bases the right to remove his state court criminal prosecution upon 28 U.S.C.A. § 1443 (1950).[1]

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

1. § 1443. Civil rights cases

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. June 25, 1948, c. 646, 62 Stat. 938.

We have jurisdiction of the appeal under 28 U.S.C.A. § 1447(d) (Supp. 1971). Varney complains that the district court erred in remanding the case without hearing his allegations.

Varney's indictment for theft by deception resulted from the alleged sale of stock in World Wide Import & Export, Inc. when no such company existed in Georgia. Varney lists the eight claims set out in the margin as supporting his right to remove.[2] Assuming *arguendo* that Varney could establish the validity of these claims, it is patent that none of them support removal under Section 1443. Thus the district court did not err in refusing to conduct a hearing.

To support removal under Section 1443(1), it is necessary that the de-

fendant claim rights under a law "providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). *See also* Georgia v. Spencer, 441 F.2d 397 (5th Cir. 1971). Varney's contentions have nothing to do with racial equality. Section 1443(2) is equally unavailable since its provisions are limited to federal officers and those authorized to act for them or under them. City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Therefore, the judgment of the district court must be

Affirmed.

2. His allegations as set out in his petition for removal are as follows:

4.

The above-described actions are criminal prosecutions which may be removed to this Court by the petitioner, defendant therein, pursuant to the provisions of Title 28, USC, Section 1443 in that petitioner is denied and cannot enforce in the aforesaid Court his rights for equal civil rights as set forth below:

(a) Petitioner was incarcerated under the aforesaid warrant for six days without bail and finally with excessive bail having been set in violation of petitioner's rights under the *Constitution of the United States*, Fifth Amendment, to the effect that he shall not "be deprived of life, liberty, or property without due process of law * * *" and the Eighth Amendment that "excessive bail shall not be required * * *", both of which are incorporated in the Fourteenth Amendment and, therefore, made applicable to State process.

(b) That certain individuals have solicited people to file criminal charges against petitioner in violation of his rights under the *Constitution of the United States*, Fifth and Fourteenth Amendments, that he cannot " * * * he deprived of life, liberty, or property, without due process of law * * *"

(c) Petitioner was arrested on a warrant and incarcerated under the same warrant by the State when the State had both constructive and actual knowledge that the facts alleged therein are

false, however, continue to hold petitioner in violation of his rights under the *Constitution of the United States*, Fourth Amendment, that " * * * no Warrants shall issue, but upon probable cause, * * *"

(d) Petitioner, by false and inaccurate reports given by the Sheriff of Colquitt County to the newspaper of said County, has been deprived by the State of his right which he cannot enforce under the *Constitution of the United States*, Sixth Amendment, that "In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and District wherein the crime shall have been committed * * *"

(e) Petitioner, by being examined by the State's law enforcement officers, after the arrest warrant was issued and after being incarcerated, without counsel or right of counsel, has been deprived by the State of his right, which he cannot enforce, under the *Constitution of the United States*, Sixth Amendment, that he be permitted " * * * to have the Assistance of Counsel for his defense."

(f) Petitioner has been advised by the State that no appeal bond would be issued in his case, thereby denying petitioner's right, which he cannot enforce, under the *Constitution of the United States*, Eighth Amendment, "Excessive bail shall not be required, nor excessive fines imposed, common nor cruel nor unusual punishments inflicted."